UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GAGAN GAGAN, | ) | Case No. ED CV 26-00880 FMO (ADS) |
|            Petitioner, | ) ) | |
|     v. | ) ) | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |
| WARDEN, <u>et</u> <u>al.</u>, | ) ) | |
|            Respondents. | ) ) ) | |

      On March 2, 2026, the court granted petitioner's request for a Temporary Restraining Order ("TRO") and ordered respondents to release petitioner forthwith. (Dkt. 10, Court's Order of March 2, 2026, at 2). Petitioner was released on March 2, 2026. (Dkt. 11, Respondents' Notice of Compliance at 2). Because the standards for granting a TRO and a preliminary injunction are the same, <u>see</u> <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n. 7 (9th Cir. 2001), the court construed petitioner's TRO application as an application for a preliminary injunction ("PI Application"). (Dkt. 10, Court's Order of March 2, 2026, at 2). Respondents timely filed an opposition to the PI Application on March 6, 2026, asserting that the case is moot in light of petitioner's release. (Dkt. 12, Respondents' Opposition to PI Application at 2). Petitioner did not file a reply in support of the PI application by the deadline. (<u>See</u>, <u>generally</u>, Dkt.). Having

reviewed the record, the court is persuaded that the case is now moot. Accordingly, IT IS ORDERED THAT:

    1. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** and PI Application **(Document No. 3)** are **denied as moot**.

    2. The above-captioned case is **dismissed without prejudice**.

    3. Judgment shall be entered accordingly.

Dated this 10th day of March, 2026.

                                                            /s/
                                        Fernando M. Olguin
                                      United States District Judge